**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Aug 28, 2017

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| LYNDSEY MEALOR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   17-1056 SOH |
| CONVERGENT OUTSOURCING, INC., | ) ) | |
| Defendant. | ) | |

### PLAINTIFF'S COMPLAINT

Plaintiff, LYNDSEY MEALOR ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, CONVERGENT OUTSOURCING, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

1

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Warren, Bradley County, Arkansas.
8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).
9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).
10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).
11. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).
12. Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).
13. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.
14. Defendant is a business entity engaged in the collection of debt within the State of Arkansas.
15. Defendant is a national collection agency headquartered in the City of Atlanta, Fulton County, Georgia.
16. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.
17. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.
18. The principal purpose of Defendant's business is the collection of debts allegedly owed to

third parties.

19. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

20. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

22. Defendant is attempting to collect a consumer debt from Plaintiff.

23. The alleged debt owed arises from transactions for personal, family, and household purposes.

24. Within four (4) years of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's cellular telephone, at xxx-xxx-0550, in an attempt to collect a debt, allegedly owed by Plaintiff to Defendant.

25. Defendant calls Plaintiff from 770-870-1084, which is one of Defendant's telephone numbers.

26. On or about June 6, 2016, Plaintiff told Defendant's collector named Rashan Williams to stop calling Plaintiff.

27. Despite Plaintiff's request that Defendant stop calling her, Defendant continued to call Plaintiff unabated in an attempt to collect on the alleged debt.

28. When Plaintiff answered Defendant's calls, she was greeted with "dead air" whereby no person was on the other end of the line. After several seconds, an agent was connected to

the automated call then greeted Plaintiff and sought to speak with Plaintiff in an attempt to collect an alleged debt.

29. Defendant calls Plaintiff at an annoying and harassing rate.

30. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

31. Defendant has never had Plaintiff's prior express consent to call her cellular telephone with an automatic telephone dialing system.

32. Even if Defendant somehow had Plaintiff's consent, such consent was revoked when Plaintiff told Defendant's collectors to stop calling her.

33. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

34. Within four (4) years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

37. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

40. The telephone dialer system Defendant used to call Plaintiff's cellular telephone select telephone numbers to be called according to a protocol or strategy entered by Defendant.

41. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

42. Within four (4) years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

43. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

44. The dead air that the Plaintiff experienced on the calls that he received is indicative of the use of an automatic telephone dialing system. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus, resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff. The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them. Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

45. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff

harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;
    b. Electronically intruding upon Plaintiff's seclusion;
    c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;
    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone; and
    e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

46. Defendant violated the FDCPA based on, but not limited to, the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to bombard Plaintiff with robocalls after Plaintiff requested that Defendant stop calling her;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant waged its campaign of harassment with a barrage of collection calls which even continued after Plaintiff requested for the Defendant to stop calling her;

    c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression that Defendant was permitted to continue to call Plaintiff even after being requested to stop calling Plaintiff; and

    d. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable

6

means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

47. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

48. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, LYNDSEY MEALOR, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

49. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

50. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

51. Any other relief this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

52. Plaintiff repeats and re-alleges paragraphs 1-45 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

53. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice without consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, LYNDSEY MEALOR, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

54. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

56. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

57. Any other relief that this Honorable Court deems appropriate.

August 24, 2017

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ 
Michael S. Agruss
SBN: 6281600
Agruss Law Firm, LLC
4809 N. Ravenswood Avenue
Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff

8